**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2502-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TRAVIS WILSON, a/k/a
TRAVIS R. WILSON, JR.,
RAHIEM JONES,
TRAVIS R. WILLIAMS,
and STREETS WILSON,

    Defendant-Appellant.

_____

Submitted November 12, 2020 – Decided December 15, 2020

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-06-0887.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Edward F. Ray, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Travis Wilson appeals from the December 11, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We derive the following facts from the record. Members of the Hackensack Police Department conducted a narcotics investigation that included controlled buys by an undercover officer. On December 17, 2013 and January 30, 2014, defendant sold cocaine to an undercover officer in exchange for cash.

On June 25, 2014, a Bergen County grand jury returned an indictment charging defendant with the following offenses: two counts of third-degree distribution of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (counts one and three); three counts of third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (counts two, four, and five); and one count of second-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (count six).

On November 10, 2014, defendant pleaded guilty to the two counts of third-degree distribution of CDS in exchange for a recommended sentence of a five-year term with a twenty-four-month period of parole ineligibility pursuant

2                                                          A-2502-18T2

to the <u>Brimage</u> guidelines,[1] and dismissal of the remaining four counts. The plea form indicated that the parties were "trying to resolve another pre-indictment" Passaic County charge "but no promises" had been made that the sentences "will be concurrent."

During the plea hearing, defendant testified that on December 17, 2013 and January 30, 2014, he purposefully and knowingly distributed cocaine to an individual later identified as an undercover police officer in exchange for money.

In response to questions posed by the court, defendant testified that he reviewed the plea forms with counsel, was satisfied that counsel answered his questions, initialed each page of the plea forms and signed it because he was, in fact, guilty of the offenses, and that he had no questions for the court or his attorney.

---

[1] The <u>Brimage</u> Guidelines, originally adopted by the Attorney General in 1998 pursuant to <u>State v Brimage</u>, 153 N.J. 1 (1998), provide uniform plea agreement guidelines "intended to regulate a defendant's exposure to mandatory minimum terms of imprisonment" in drug cases. Cannel, <u>N.J. Criminal Code Annotated</u>, cmt. 1 on N.J.S.A. 2C: 35-12 (2020). The Guidelines were revised in 2004. Attorney General Law Enforcement Directive 2004-2, Revised Attorney General Guidelines for Negotiating Cases Under N.J.S.A. 2C:35-12 (Rev. 2004), https://www.nj.gov/oag/dcj/agguide/directives/brimagerevision.htm.

Defendant further testified that he was pleading guilty voluntarily without any promises being made other than what was written on the plea forms. He acknowledged that he was waiving his right to a jury trial, the right to present witnesses, and the right to cross-examine the State's witnesses. Defendant confirmed that the State would be recommending a five-year term with a twenty-four-month period of parole ineligibility and specified mandatory penalties.

During the hearing, defense counsel noted "there was an open Passaic County matter we are going to try to resolve along with this one if possible." Counsel "want[ed] to see if that can be resolved along with this case if possible." The following colloquy ensued:

> THE COURT: But he understands there's no promises Passaic County will run this concurrent[ly]. Whatever they do, they do. That has nothing to do with this case. Knowing that you still want to plead guilty, correct?
>
> MR. WILSON: Yes.

Defendant made no comments and asked no questions regarding the Passaic County charge or the other Bergen County charges during the hearing.

On February 13, 2015, defendant was sentenced in accordance with the terms of the plea agreement to concurrent five-year terms with twenty-four-month periods of parole ineligibility. The remaining counts were dismissed.

4

The court found that defendant "ha[d] a significant juvenile record going back to 2002" and two prior adult convictions, all of which involved CDS. The court found the following aggravating factors: three (risk of reoffending), N.J.S.A. 2C:44-1(a)(3); six (prior criminal record), N.J.S.A. 2C:44-1(a)(6); and nine (need for deterrence), N.J.S.A. 2C:44-1(a)(9). The court also found mitigating factor eleven (imprisonment would cause excessive hardship), N.J.S.A. 2C:44-1(b)(11). Although the court considered defendant's "youthful status," it did not give much weight to this factor due to his numerous encounters with the criminal system. The court concluded that the aggravating factors substantially outweighed the mitigating factors.

The court noted that defendant had other charges pending in Bergen County that were awaiting arraignment or a future court date. Defendant did not file a direct appeal.

On November 14, 2017, defendant filed a timely pro se petition for PCR. Counsel was appointed to represent him. Defendant claimed trial counsel provided ineffective assistance by failing to seek a global resolution of his pending indictments during plea negotiations, resulting in an excessive sentence. In his April 30, 2018 certification, defendant alleged that trial counsel provided ineffective assistance by: (1) pressuring defendant to plead guilty despite

5

knowing he had four other pending indictments; (2) refusing to provide defendant with full discovery and telling him to "just plead guilty"; and (3) failing to re-examine his case when she learned that defendant's investigation had been carried out by officers, including Detective Mark Gutierrez, who were later arrested and fired for conducting warrantless searches. Gutierrez was fired in February 2018, as a result of his involvement in a 2016 warrantless search of an apartment in Hackensack having no connection to defendant.

On August 28, 2018, the PCR court heard oral argument and reserved judgment. The court issued a December 11, 2018 order and twenty-two-page written opinion denying the petition. The court found that defendant was not entitled to an evidentiary hearing because he failed to establish a prima facie claim of ineffective assistance of counsel.

As to defendant's claim that counsel was ineffective by failing to secure a global plea offer encompassing the other four Bergen County matters, the court noted that trial counsel "did attempt to secure some type of assurance from the trial [c]ourt that the sentence for defendant-appellant's pending Passaic County matter would run concurrent with his Bergen County sentence." The trial court noted it could not promise that this would occur. With regard to the other four

Bergen County matters, the PCR court found "those four matters were never part of any plea deal with the State."

The court determined that defendant "ha[d] not shown how he was adversely affected by going forward with the plea . . . prior to resolving the other four pending Bergen County matters." It found defendant did not "provide a reasonable probability" that his sentences on those other matters "would have been different." The court concluded that "[m]erely assuming one would receive a more favorable result based on subsequent proceedings does not create a factual inference that . . . not seeking a global plea" was "an unreasonable professional strategy." Accordingly, defendant did not "overcome the presumption[] that trial counsel's strategy was sound and reasonably professional." The court further concluded that defendant did "not satisfy his burden of showing there is a reasonable probability that the results of the proceeding would have been different had trial counsel sought a global plea." It noted that sentencing courts are not mandated to "give a more favorable sentence to defendants who elect to seek a global plea."

The court next addressed defendant's claim that trial counsel refused to provide him with discovery and pressured him to plead guilty to crimes he did not commit. The court found the allegations were not supported by the record.

The court found that defendant's claim that trial counsel refused to provide him with discovery and forced him to plead guilty was "unfounded and speculative." It noted that defendant did not specify the discovery he lacked. For example, he did not allege that he requested but did not receive laboratory reports analyzing the substances he sold to the undercover officer. The court concluded that his allegations were "vague, conclusory and speculative" and did not establish a prima facie case.

As to defendant's claim of innocence, the court noted that defendant admitted selling drugs on two occasions as part of a "detailed, fact-specific allocution" during the plea hearing. The court labeled the allegations "a thinly-veiled attempt . . . to create a material issue of disputed fact" that was "directly contradicted by the record below."

The court also rejected defendant's claim that counsel was ineffective because she should have investigated Gutierrez, who was subsequently arrested and terminated from employment (due to an unrelated warrantless search of an apartment having no connection to defendant). The court explained that defendant did not claim that the undercover drug buys involved an illegal warrantless search. It concluded that defendant had not shown that Gutierrez's "truthfulness or credibility was at issue."

Lastly, the court rejected defendant's argument that the cumulative effect of trial counsel's alleged errors warranted an evidentiary hearing. It found there was no individual or cumulative error establishing "a prima facie showing of ineffective assistance of counsel." This appeal followed.

Defendant argues:

> THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. Trial counsel was ineffective for failing to conduct an adequate pre-trial investigation.
>
> B. Defendant's plea was not made knowingly and voluntarily.
>
> C. Trial counsel was ineffective for failing to negotiate a global plea agreement on defendant's behalf.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR

petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him "a fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (citations omitted) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must

establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013).

When a guilty plea is involved, a defendant must satisfy two criteria to set aside the plea based on ineffective assistance of counsel. State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009). The defendant must demonstrate that "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" Ibid. (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Applying those standards, we affirm substantially for the reasons expressed by the PCR judge in his comprehensive written opinion. We add the following comments.

The PCR court's findings and conclusions are fully supported by the record. It properly found that defendant did not show that counsel's performance fell below an objective standard of reasonableness or that the alleged deficient performance prejudiced the defense of the charges.

Trial counsel successfully negotiated a favorable plea agreement that resulted in the dismissal of four of the six charges, including a second-degree

11

offense, and the imposition of concurrent terms that each satisfied the Brimage guidelines. Defendant did not demonstrate there was a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. Nor did he demonstrate that the discovery he sought would have revealed a viable defense. Moreover, the evidence against defendant was overwhelming. The grand jury found probable cause that defendant sold cocaine to undercover police officers on three occasions over the course of three months.

As to his claim that counsel should have negotiated a global plea agreement, defendant understood that the plea deal he agreed to did not include the other pending charges in Passaic and Bergen Counties. In addition, defendant has not shown that the overall outcome would have been more favorable as to this case if a global plea agreement was reached. Indeed, the record does not even indicate the outcome of those other charges.

Defendant's claim that counsel was ineffective by failing to investigate Gutierrez is baseless. The undercover sales in this matter occurred between December 2013 and February 2014. Defendant pled guilty in November 2014 and was sentenced in February 2015. Gutierrez was fired because of a December

2016 warrantless search of an apartment. Counsel could not investigate an event that had not yet occurred.

To the extent that defendant contends that his sentence was excessive, excessive sentencing claims are not cognizable on PCR; they must be raised on direct appeal. State v. Hess, 207 N.J. 123, 145 (2011); State v. Acevedo, 205 N.J. 40, 45-46 (2011).

Under these circumstances, we discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, as defendant failed to present a prima facie claim of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-2502-18T2